UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARILYN LEWIS, Plaintiff,

v. Civil Action No. 3:15-cv-405-DJH

FAMILY DOLLAR STORE, Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION**

On May 26, 2015, Marilyn Lewis initiated this action by filing a *pro se* complaint (DN 1). She also filed a non-prisoner application to proceed without prepayment of fees (DN 3). Because there were deficiencies in her application to proceed without prepayment of fees, the Court entered an Order directing that within 30 days of the entry of the Order Plaintiff must either pay the filing fee for this action or file a fully completed application to proceed without prepayment of fees (DN 4). The Order warned Plaintiff that failure to comply with the Order would result in dismissal of this action. Over 30 days have passed since the entry of the Order, and Plaintiff has not responded to the Order or taken any action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se

litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110).  "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

      Because Plaintiff has failed to comply with a straightforward Order of this Court (DN 4) or taken any action in response to the Court's Order, the Court concludes that she has abandoned any interest in prosecuting this action.  Therefore, the Court will dismiss the action by separate Order.

Date: August 10, 2015

**David J. Hale, Judge**
**United States District Court**

cc:    Plaintiff, *pro se*
4415.003